IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| William J. Ogle, | ) | C/A No. 0:08-2498-SB-PJG |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Warden FCI Bennettsville, | ) | |
| Defendant. | ) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 17.) The petitioner, William J. Ogle ("Ogle"), a self-represented federal prisoner, filed this action pursuant to 28 U.S.C. § 2241 asserting that he is entitled to 231 days of credit against his sentence for time he spent in official detention prior to commencing his federal sentence.

The respondent filed a motion for summary judgment. (Docket Entry 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 18.) Ogle filed a response in opposition to the respondent's motion. (Docket Entry 21.) The motion is now before the court for a Report and Recommendation.

Ogle is serving a 180-month sentence in federal prison for violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). His current projected release date is August 11, 2010 including credit for good conduct time. At the time he filed the instant Petition, Ogle was incarcerated at the Federal Correctional Institution—Bennettsville. He has apparently since been transferred to United States

Page 1 of 4

*PJG*

Penitentiary McCreary in Pine Knot, Kentucky. (See Notice of Change of Address, Docket Entries 23 & 24.)

On May 24, 1997, law enforcement officers of the Lafayette Parish Sheriff's Office in Louisiana arrested Ogle on local firearms charges. Ogle's state parole was subsequently revoked as a result, and Ogle remained in state custody on the parole violation/local charges. (See Compl. ¶¶ 2-4, Docket Entry 1 at 2-3.) The local charges were later dismissed when the charges were adopted by federal authorities. The United States District Court for the Western District of Louisiana issued an Order of Detention on December 23, 1997, and the United States Marshals Service took custody of Ogle on that date. (Order of Detention, Docket Entry 1-2 at 11; Docket Entry 1-2 at 9.) In this Petition, Ogle seeks credit for time served in federal custody from December 23, 1997 to August 10, 1998, the day prior to his sentencing on the federal charges, a total of 231 days.

Following the filing of this Petition, the Bureau of Prisons recalculated Ogle's sentence to reflect this credit. Accordingly, Ogle has received the relief he sought in this Petition, and this matter is moot. (See Respt.'s Mem. Supp. Summ. J. at 5, Docket Entry 17 at 5; Petr.'s Mem. Opp'n Summ. J. at 1, Docket Entry 21 at 1) (both stating that Ogle has received 231 days of credit—from December 23, 1997 through August 10, 1998—on his federal sentence).

In his Petition, Ogle also includes a conclusory allegation that he is further entitled to credit for time from May 24, 1997, the date of his arrest, through December 22, 1997. He provides no further argument on this assertion. Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—



> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

While Ogle argues that the charge underlying his federal offense resulted in his state parole revocation, this does not entitle Ogle to credit on his federal sentence for this additional time. By Ogle's own admission, this additional time applied towards Ogle's state parole violation sentence. (See Compl. at 2, Docket Entry 1 at 2.) Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"). Accordingly, Ogle is not entitled to credit against his federal sentence for time served from May 24, 1997 through December 22, 1997 on the state parole violation.

## RECOMMENDATION

Ogle has received all of the relief to which he is entitled. The court therefore recommends that the respondent's motion for summary judgment (Docket Entry 17) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 20, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).