IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

William J. Ogle,                          )
                                          )        2009 SEP 22  A 9: 33
            Petitioner,                   )
                                          )        DISTRICT COURT
                                                   DISTRICT OF SOUTH CAROLINA
                                          )        Civil Action No. 0:08-2498-SB
v.                                        )
                                          )
Warden FCI Bennettsville,                 )                **ORDER**
                                          )
            Respondent.                   )
_____ )

This matter is before the Court on the Petitioner's *pro se* action pursuant to 28

U.S.C. § 2241, wherein he asserts that he is entitled to credit against his sentence for time

he spent in custody prior to being sentenced. The record includes a report and

recommendation ("R&R") of a United States Magistrate Judge, which was made in

accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a). In the R&R,

which was filed on August 20, 2009, Magistrate Judge Paige J. Gossett recommends that

the Court grant the Respondent's motion for summary judgment. Attached to the R&R was

a notice advising the parties of the right to file specific, written objections to the R&R within

10 days of the date of being served with a copy of the R&R. See 28 U.S.C. § 636(b)(1).

After being granted an extension of time to file objections, the Petitioner filed objections on



September 17, 2009.

## DISCUSSION

On May 24, 1997, law enforcement officers at the Lafayette Parish Sheriff's Office

in Louisiana arrested the Petitioner on local firearms charges. As a result of these

charges, the Petitioner's state parole was revoked, and he remained in state custody on

the parole violation/local charges. Federal authorities adopted the state charges, and on

December 23, 1997, the United States District Court for the Western District of Louisiana issued an Order of Detention. The United States Marshals Service took custody of the Petitioner on that date. Ultimately, the Petitioner was sentenced to 180-months in federal prison for violations of 18 U.S.C. § 922(g)(1) and 924(c)(1).

In this action, the Petitioner seeks credit for time he served in federal custody from December 23, 1997, to August 10, 1998, the day prior to his sentencing on the federal charges. This time amounts to 231 days. The Petitioner also apparently seeks credit for time he served between the date of his state arrest on May 24, 1997, and December 22, 1997, the day before he was taken into federal custody.

After he filed this petition, the Bureau of Prisons recalculated the Petitioner's sentence to give the Petitioner credit for the 231 days between December 23, 1997, and August 10, 1998. Therefore, in his motion for summary judgment, the Respondent asserts that he is entitled to summary judgment because this matter is moot. In response to the motion for summary judgment, the Petitioner reiterates his request for credit for all time served.

In the R&R, the Magistrate Judge agreed with the Respondent that the Petitioner's request for credit for time served between December 23, 1997, and August 10, 1998, is moot because the Bureau of Prisons already recalculated his sentence to give him credit for this time. With respect to the time between May 24, 1997, and December 22, 1997, however, the Magistrate Judge determined that the Petitioner is not entitled to credit because this time applied toward his state parole violation, and permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b).

In his objections, the Petitioner asks the Court to consider all of the information and

to give him credit for time served from the date of his state arrest on May 24, 1997, until he was taken into federal custody on December 22, 1997.

After a thorough review of the record and the applicable law, the Court agrees with the Magistrate Judge's recommendation. Here, it appears that the Petitioner has been given credit for the time he served between December 23, 1997, and August 10, 1998, and therefore, his request for this credit is moot. Moreover, the Court agrees with the Magistrate Judge that the Petitioner is not entitled to credit for the time he served between May 24, 1997, and December 22, 1997, because this credit applied towards his state parole violation sentence.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry # 26) is adopted; the Petitioner's objections (Entry #31) are overruled; and the Respondent's motion for summary judgment (Entry # 17) is granted.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September **21** , 2009
Charleston, South Carolina